IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA,<br><br>*Plaintiff*,<br><br>–v–<br><br>ALAN MCCLAIN, in his official capacity as Commissioner of the Arkansas Insurance Department, and LESLIE RUTLEDGE, in her official capacity as Attorney General of Arkansas,<br><br>*Defendants*. | **FILED**<br>U.S. DISTRICT COURT<br>EASTERN DISTRICT ARKANSAS<br><br>MAR 2 8 2022<br><br>TAMMY H. DOWNS, CLERK<br>By: _____ DEP CLERK<br><br><br>Case No. 4:21-cv-864-BRW |

## MOTION TO INTERVENE BY THE COMMUNITY HEALTH CENTERS OF ARKANSAS AND PIGGOTT COMMUNITY HOSPITAL

Community Health Centers of Arkansas ("CHCA") and Piggott Community Hospital ("PCH") (collectively, the "Proposed Intervenors") respectfully move this Court to grant their request to intervene as of right pursuant to Federal Rule of Civil Procedure ("Rule") 24(a), or, alternatively, to intervene permissively pursuant to Rule 24(b), as Defendants in the above-captioned case. In support of their Motion, the Proposed Intervenors rely on the accompanying Memorandum, proposed Answer to Plaintiff's Complaint, and the following Exhibits:

**Exhibit 1**   Arkansas Insurance Department, Order Granting Petition for Declaratory Ruling, In re Act 1103 of 2021, AID No. 2021-37

**Exhibit 2**   Arkansas Insurance Department, Order Granting Interventions and Setting Schedule for Briefing, In re Act 1103 of 2021, AID No.

1

2021-46

**Exhibit 3**   Declaration of Dr. Lanita S. White, Chief Executive Officer of Community Health Centers of Arkansas

Dated: March 25, 2022

*signature*

Nate Steel, Ark. Bar No. 2007186

*/s/ Alec Gaines*
Alec Gaines, Ark. Bar No. 2012277

STEEL WRIGHT GRAY PLLC
400 W. Capitol Ave.
Suite 2910
Little Rock, AR 72201
T: (501) 251-1587
nate@capitollaw.com
agains@capitollaw.com
*Counsel for Intervenors Community Health Centers of Arkansas and Piggott Community Hospital*

Respectfully submitted,

*/s/*Ronald S. Connelly
Ronald S. Connelly*
D.C. Bar No. 488298

Barbara Straub Williams*
D.C. Bar No. 396582
POWERS PYLES SUTTER & VERVILLE, PC
1501 M Street, N.W., 7th Floor
Washington, DC 20005
T: (202) 466-6550
Ron.Connelly@PowersLaw.com
*Counsel for Intervenors Community Health Centers of Arkansas and Piggott Community Hospital*

*Applying pro hac vice

Dated: March 25, 2022

2

**CERTIFICATE OF SERVICE**

      I, Nate Steel, hereby certify that a copy of the foregoing document was this date served upon all counsel of record by electronically filing it with the Clerk of the District Court for the Eastern District of Arkansas, using its ECF system, which automatically provides electronic notification to the following:

Booth Rand
**Arkansas Insurance Department**

Amanda Land
Asher Steinberg
**Arkansas Attorney General's Office**

Joshua Ashley
Philip Perry
Andrew Prins
**Pharmaceutical Research and Manufacturers of America**

                                                  */s/ Nate Steel*
                                                   Nate Steel

## ARKANSAS INSURANCE DEPARTMENT

**IN RE ACT 1103 OF 2021**           **AID ORDER # 2021-37**

**PHARMACEUTICAL RESEARCH &**
**MANUFACTURERS OF AMERICA**

### ORDER GRANTING PETITION FOR DECLARATORY RULING

Comes now the Arkansas Insurance Department ("Department"), by and through its attorney, Booth Rand, and, for its Order, states the following findings:

1. On July 29, 2021, the Department received a request for a Declaratory Ruling from the Pharmaceutical Research and Manufacturers of America ("PhRMA," hereafter, "Petitioner") pertaining to the State's ability to enforce two provisions in Act 1103 of 2021, the "340B Drug Pricing Nondiscrimination Act" (hereafter, "Act 1103") enacted by the Arkansas Legislature: Ark. Code Ann. § 23-92-604(c)(1) and Ark. Code Ann. § 23-92-604(c)(2).

2. From Act 1103, Ark. Code Ann. § 23-92-604(c)(1) states that "a pharmaceutical manufacturer shall not prohibit a pharmacy from contracting or participating with an entity authorized to participate in 340B drug pricing by denying access to drugs that are manufactured by the pharmaceutical manufacturer."

3. From Act 1103, Ark. Code Ann. § 23-92-604(c)(2) provides that "a pharmaceutical manufacturer shall not deny or prohibit 340B drug pricing for an Arkansas-based community pharmacy that receives drugs purchased under a 340B drug pricing contract pharmacy arrangement with an entity authorized to participate in 340B drug pricing."

4. The Petitioner states that its members are "pharmaceutical manufacturers" under Ark. Code Ann. § 23-92-604 of Act 1103.

5. The Petitioners assert that the above referenced two provisions in Act 1103 are preempted by the Supremacy Clause of the US Constitution because they conflict with the requirements, purposes and objectives of the federal 340B statute and program. The Petitioners also allege that Act 1103 appears to violate the Commerce Clause of the US Constitution. The Petitioners describe that there exists pending federal litigation and explains that key issues of federal law are being decided in federal litigation over transfers of drugs at 340B prices to contract pharmacies at the request of covered entities.

6. Act 1103 vests jurisdiction and enforcement of its provisions, including rule-making powers, with the Arkansas Insurance Commissioner. The provisions of Act 1103 are to go into effect on July 28, 2021.

7. Department Rule 121, "Declaratory Orders," permits affected persons to petition the Commissioner concerning the applicability of statutory provisions, rules or orders over which the agency has authority. The Commissioner finds under Section 4 of Rule 121 that provisions in a statute may substantially affect the Petitioner and the Petitioner's particular set of circumstances and the question or issue on which the Petitioner seeks a Declaratory Order.

1

EXHIBIT

8.  The Commissioner finds that this issue needs resolution and is therefore ripe for administrative review.

9.  The Commissioner additionally finds that, although not requested by the Petitioner, due to the number of potentially affected parties, and due to the magnitude of the issue, there is a need for a public hearing on this matter.

WHEREFORE, the Commissioner grants the Petitioners' request for a Declaratory Petition and shall set this matter for an administrative hearing under Arkansas Insurance Department Rule 121 and shall issue an Order or Ruling pertaining to the Petition, following an administrative hearing on this matter, and makes the following additional Orders:

(1)  The Commissioner will appoint an outside hearing officer to preside over this matter under Rule 121;

(2)  The Commissioner suspends enforcement of Ark. Code Ann. § 23-92-604(c)(1) and Ark. Code Ann. § 23-92-604(c)(2) pending completion of Declaratory review whether such provisions are preempted or inconsistent with federal law. This suspension shall be for ninety (90) days from the date of the Petition unless further extended by Order of the Commissioner.

(3)  The Department shall publish this Order with a Bulletin advising other interested parties of their opportunity to intervene in this matter.

7-29-21

**DATE**

*[signature]*

**Alan McClain**

**Insurance Commissioner**

**State of Arkansas**

2

# ARKANSAS INSURANCE DEPARTMENT

IN RE ACT 1103, PHARMACEUTICAL RESEARCH &     AID ORDER # 2021-46
MANUFACTURERS OF AMERICA

### ORDER GRANTING INTERVENTIONS AND SETTING SCHEDULE FOR BRIEFING

On September 10, 2021, a hearing was held in this matter at the offices of the Arkansas Insurance Department. Participants were present both in person and by Zoom. Hearing Officer, Ellen Brantley, presided.

Petitioner was represented by counsel, Josh Ashley, Amie Wilcox (Zoom), Phil Perry (Zoom), Andrew Prins (Zoom), and Tyce Walters (Zoom).

The Arkansas Insurance Department, respondent, was represented by Booth Rand and Jim Brader.

Petitions to intervene were filed by the State of Arkansas, represented by Assistant Attorney General Amanda Lamb; Arkansas Pharmacy Association, represented by Marshall Wright (Zoom); Community HealthCenters of Arkansas, represented by Susan Jones and Lisa Weaver (Zoom); Arkansas Hospital Association, represented by Jodianne Tritt; and Baxter Regional Medical Center, represented by Nicole Vaccarella (Zoom).

The petitions to intervene were not opposed. Petitioner asked that the health entities, the Arkansas Pharmacy Association, the Community Health Centers, the Arkansas Hospital Association, and Baxter Regional Medical Center be required to file a joint brief. Due to the deadline for action on the petition, all briefing and any further hearings must be scheduled promptly.

It is hereby ordered that the petitions to intervene be granted; that the healthcare entities listed above file a joint brief, unless they request and are granted leave to file individual supplements.

It is further ordered that the Petitioners brief be filed by September 29, 2021, and the Respondents briefs be filed by October 8.

Sept. 24, 2021
Date

ELLEN B. BRANTLEY
RETIRED CIRCUIT JUDGE



IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
~~WESTERN~~ DIVISION
Cntrl

| | |
|---|---|
| PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA,<br><br>*Plaintiff*,<br><br>–v–<br><br>ALAN MCCLAIN, in his official capacity as Commissioner of the Arkansas Insurance Department, and LESLIE RUTLEDGE, in her official capacity as Attorney General of Arkansas,<br><br>*Defendants*. | BRW<br>Case No. 4:21-cv-864-~~LPR~~ |

## AFFIDAVIT

I, Dr. Lanita S. White, hereby attest and state as follows:

1) I am the Chief Executive Officer of Community Health Centers of Arkansas ("CHCA"). I have held this position since February 2022.

2) CHCA is a non-profit organization comprised of eleven Arkansas-based community health centers that provide primary health services in over one hundred and twenty service locations across the state.

3) CHCA members are 1st Choice Healthcare, Boston Mountain Rural Health Center, Inc., CABUN Rural Health Services, Francis House NWA, Inc., dba, Community Clinic, East Arkansas Family Health Center, Inc., Healthy Connections Inc., Jefferson Comprehensive Care System, Inc., Lee County Cooperative Clinic, Mainline Health Systems, Inc., Mid Delta Health Systems, Inc., and River Valley Primary Care Services,

{D0991452.DOCX / 1 }

**EXHIBIT 3**

4) CHCA's mission is to advocate for and facilitate the success of community health centers and promote access to health care in Arkansas. Our vision is to be an innovative leader, promoting improved health care outcomes and equal access to the highest quality health care for all Arkansans.[1]

5) CHCA's members provide a variety of patient care services including: primary care with integrated behavioral health, pediatric, prenatal, and dental care, chronic disease management, laboratory services, X-rays, low cost medications, nutrition and diabetic consultation, and assistance with enrollment in ARKids 1st/Medicaid.

6) All of CHCA's members participate in the 340B drug pricing program and use contract pharmacies to dispense their drugs.

7) As Federally Qualified Health Centers ("FQHCs"), CHCA's members are providers of primary care services that must comply with certain federal requirements, including being operated by a Board of Directors that is comprised of at least 51% of individuals who are active patients of the clinic and who represent the individuals served by the health center in terms of such factors as race, ethnicity, and gender. FQHCs provide health care services regardless of a patient's ability to pay, and charge for services on a sliding fee scale according to the patient's financial resources.

8) The majority of CHCA's eleven health centers do not own and operate in-house pharmacies. Instead, the majority of the members rely exclusively on outside community-based retail pharmacies to order, receive, and dispense self-administered medications on their behalf. The community health centers purchase and take title to the 340B medications, but the drugs are shipped to and dispensed by the contract pharmacies.

---

[1] *About*, CHCA, http://www.chc-ar.org/about (last visited March 14, 2022).
{D0991452.DOCX / 1 }

9) All of the services described above are provided to patients regardless of their ability to pay for such services. They include patients without insurance and patients whose insurance does not adequately cover the services. In addition, the costs of these services are not covered, or not fully covered, by grant funding.

10) Based on calculations of the 340B net savings that CHCA's members would have achieved through filling prescriptions for drugs manufactured by Eli Lilly, AstraZeneca, and Sanofi, CHCA's members have lost and will continue to lose approximately $1.38 million annually in net 340B savings as a result of the decision by Plaintiff's members to withhold 340B discounts on drugs shipped to contract pharmacies. This calculation is based on claims dispensed from December 1, 2021 to December 31, 2021 and was extrapolated to an annual estimation. This data is representative of nine of the eleven CHCA members.[2]

11) The COVID-19 public health emergency ("PHE") has had a detrimental impact on the patients that CHCA's members serve. Many patients have lost insurance and would not have access to critical, life-saving medication without support from the 340B program.

12) If more of Plaintiff's members adopt similar restrictions on 340B contract pharmacy arrangements, and/or if the restrictions are expanded in scope and scale, CHCA's members will have to cut or eliminate some of the services that they provide, or make salary cuts to current employees as a result of the lost savings and revenue attributable to the actions of Plaintiff's members and the success of Plaintiff in this litigation.

---

[2] The damages for each of the nine members sampled are as follows: 1st Choice Healthcare- $425,112; Boston Mountain Rural Health Center- $226,317; CABUN Rural Health Services- $74,118; St. Francis House NWA, Inc., dba, Community Clinic- $206,179; East Arkansas Family Health Center- $194,660; Jefferson Comprehensive Care System- $30,000; Lee County Cooperative Clinic- $44,353; Mainline Health Systems, Inc- $ 155,504; and Mid Delta Health Systems, Inc.- $22,945.

{D0991452.DOCX / 1 }

13) Cutting or eliminating services to CHCA's members' patients will be detrimental to the patients' health and well-being. If these patients do not receive the full range of support services that CHCA's members currently provide, their health is likely to decline and they are more likely to require additional and more extensive and expensive health care visits at CHCA locations and at hospitals and specialists. The cost of providing additional health care visits not previously accounted for will cause a strain on CHCA members' resources.

14) The mission of CHCA and its members will be compromised if its members are not able to provide the full range of support services that they currently provide due to the unavailability of 340B discounts on drugs manufactured by Plaintiff's members.

15) As a result of Plaintiff's members restricting or denying distribution of 340B drugs to contract pharmacies in Arkansas, CHCA's members have seen a decrease in their ability to access 340B drugs at contract pharmacies and to provide those 340B drugs to their patients.

16) The loss in 340B savings as the result of the actions of Plaintiff's members, and Plaintiff's success in this litigation, will have a severe financial impact on CHCA's members.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this **17th** day of March 2022.

Respectfully submitted,

*Lanita S. White*

_____
Dr. Lanita S. White
Chief Executive Officer
Community Health Centers of Arkansas

{D0991452.DOCX / 1 }